## WTSP-TV, INC., etc., et al. v. VICK, etc., et al.

Case No. 84-5398-11

Sixth Judicial Circuit, Pinellas County

February 11, 1985

### APPEARANCES OF COUNSEL

**Philip Campbell, Jr., Whittemore and Campbell,** and **David H. Loyd, Arnold and Porter,** for plaintiffs.

**George K. Rahdert, Rahdert, Malone and Richardson,** for media defendants.

### OPINION OF THE COURT

MAYNARD SWANSON, JR., Circuit Judge

Upon hearing Defendants' Motion to Dismiss the Amended Complaint, the Court finds:

1. Under Florida law there is no duty to verify the truthfulness and accuracy of factual statements prior to publication. Only the publication of false statements is actionable. Defendants can not be charged with a violation of a non-existent duty.

2. Under Florida law the publication of written defamatory false statements is subject only to the law of libel and the negligence or recklessness of the publisher of the written false defamatory statements is actionable only as it meets the requirements of the law of libel.

3. Under Florida law publishing a written defamatory statement is actionable only if the statement contains false assertions. To permit a Defendant to sue for damages for defamatory written statements that insinuated bad things without requiring that some of those statements also be false, is not only not permitted but is prohibited by the U.S. and Florida constitutional prohibition on restrictions of free speech and free press. To do as Plaintiffs request would permit judges and juries to sit as "super editors" of written statements, judging whether in their opinion the written statements conformed to some nebulous standard of good taste or nicety. This is repugnant to our constitutional republic and would be a dangerous erosion of the rights of speech and press.

4. Plaintiffs are public figures. Plaintiff corporation exists solely for the purpose of broadcasting electronic signals over the public air waves to any member of the public who chooses to listen or watch, with no right of the Plaintiff corporation to prohibit anyone from watching or listening to its signals. Furthermore, Plaintiff corporation is subject to the continuous scrutiny and licensing of a public agency, which agency encourages public scrutiny and comment on the operations of Plaintiff corporation. The individual Plaintiff in his capacity as manager of Plaintiff corporation must share in the limelight. How much more public can any person or corporation be?

5. The complaint fails to set forth the truth of statements alleged to be false.

6. The alleged false statements were all contained in written articles clearly labeled as criticism and were not presented so as to imply that they were news. The common definition of criticism is the act of passing judgment as to the merits of anything or the act of passing severe judgment; censure; fault finding. Anyone reading the articles in question should have expected them to be judgmental and possibly censorious. At what point does criticism become defamation and actionable if falsity is not required? Plaintiffs' complaint represents a

dangerous cooling of the freedom of speech and the right of persons to freely and publically criticize what they don't like.

7. The alleged false statements are not libelous per se and are actionable only if proven to be per quod. No special damages were pled to support a finding of libel per quod.

8. Plaintiff corporation had its own means to rebut the alleged defamation by broadcasting such rebuttals over the public air waves it is licensed to use, possibly reaching more persons than those who read Defendants' alleged defamation. In doing so Plaintiffs and Defendants would then be engaging in a public dialogue and debate that is so very desirable in our democratic society. The law of libel should distinguish between persons who have equal or greater opportunity to rebut libelous statements to the same audience than the libelor and persons who have no opportunity to rebut and are subject to the whims of a monopoly press or electronic media.

9. Plaintiffs' complaint is a petulant response to the alleged defamation by Defendants, and it appears to be motivated more by desire to quiet the criticism of a competitor than to redress any wrongs done to it. The excessive litigiousness of many Americans to which Chief Justice Burger so often complains is amply demonstrated by this complaint. a veritable tempest in a very small teapot.

Accordingly, it is

ORDERED that Plaintiffs' Amended Complaint is DISMISSED with leave to file a second amended complaint within 20 days.